People v Tarbell (2018 NY Slip Op 00767)





People v Tarbell


2018 NY Slip Op 00767


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1520 KA 16-01795

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
ROBERT TARBELL, DEFENDANT-RESPONDENT. 






WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR APPELLANT. 
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), dated March 11, 2016. The order granted in part the motion of defendant seeking, inter alia, to suppress statements that he made to police. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: The People appeal from an order that granted in part defendant's motion seeking, inter alia, to suppress statements that he made to the police. This prosecution arises from an incident in which a motor vehicle registered to defendant struck a guardrail on an interstate highway, and came to rest in the passing lane. The vehicle was then hit by a bus, resulting in injuries to several passengers on the bus. The operator of the vehicle left the scene before the State Police arrived, and no one responded when one of the troopers went to defendant's home to investigate. About an hour after the accident, that trooper found defendant walking some distance from the accident in an apparently intoxicated condition, and defendant initially denied operating the vehicle. The trooper placed defendant in the police vehicle and continued to question him. Defendant eventually admitted that he was driving the vehicle when it struck the guardrail, and that he left it in the roadway. The People concede that the trooper did not provide Miranda warnings to defendant. After defendant was indicted on a series of charges arising from the incident, including assault in the first degree (Penal Law § 120.10 [3]), he submitted a series of motions, including a motion seeking, inter alia, to suppress the statements he made to the trooper. County Court granted that motion in part, suppressing the statements defendant made in response to the trooper's questions after defendant was placed in the trooper's patrol vehicle. We affirm.
We reject the People's contention that the trooper was justified in questioning defendant without providing Miranda warnings, pursuant to the emergency doctrine. It is well settled that "the emergency doctrine . . . recognizes that the Constitution is not a barrier to a police officer seeking to help someone in immediate danger . . . , thereby excusing or justifying otherwise impermissible police conduct that is an objectively reasonable response to an apparently exigent situation . . . [The Court of Appeals has] explained that the exception is comprised of three elements: (1) the police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property and this belief must be grounded in empirical facts; (2) the search must not be primarily motivated by an intent to arrest and seize evidence; and (3) there must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched" (People v Doll, 21 NY3d 665, 670-671 [2013], rearg denied 22 NY3d 1053 [2014], cert denied — US &mdash, 134 S Ct 1552 [2014] [internal quotation marks omitted]). Here, contrary to the People's contention, the evidence at the suppression hearing failed to establish that "the circumstances known to the [trooper] supported an objectively reasonable belief that [further questioning] was needed to render emergency assistance to an injured [person] or to protect [a person] from imminent injury" [*2](People v Ringel, 145 AD3d 1041, 1045 [2d Dept 2016], lv denied 29 NY3d 952 [2017]; see People v Hammett, 126 AD3d 999, 1001 [2d Dept 2015], lv denied 25 NY3d 1202 [2015]; cf. People v Samuel, 152 AD3d 1202, 1204-1205 [4th Dept 2017], lv denied 30 NY3d 983 [2017]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court